UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 17- 4184**

-------------------------------------------------------X

OMAR McFARLAND,

                 Plaintiff(s),

      v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
GRIEG, Tax # ****16, 75th Precinct,
NEW YORK CITY POLICE SERGEANT
MARTINEZ, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 75th Precinct
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER ONE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER TWO, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER THREE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE NUMBER FOUR, 75th Precinct,

                 Defendant(s).

-------------------------------------------------------X

**COMPLAINT &**
**JURY DEMAND**


**MATSUMOTO, J.**


**ORENSTEIN, M.J.**


## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, OMAR McFARLAND, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

–1–

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff, OMAR MCFARLAND is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant(s), NEW YORK CITY POLICE OFFICER GRIEG, Tax # **** 16, upon information and belief of the 75th Precinct, NEW YORK CITY POLICE SERGEANT MARTINEZ, NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO, JOHN DOE NUMBER THREE and JOHN DOE NUMBER FOUR, also of the

75th Precinct, are, and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER GRIEG, NEW YORK CITY POLICE SERGEANT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO, JOHN DOE NUMBER THREE and JOHN DOE NUMBER FOUR are sued individually and in their official capacities.  At all times relevant, Defendants, NEW YORK CITY POLICE OFFICERS GRIEG, NEW YORK CITY POLICE SERGEANT MARTINEZ, NEW YORK CITY POLICE OFFICERS JOHN DOE, JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO, JOHN DOE NUMBER THREE and JOHN DOE NUMBER FOUR were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendants, NEW YORK CITY POLICE OFFICER GRIEG, NEW YORK CIITY POLICE SERGEANT MARTINEZ, NEW YORK CITY POLICE OFFICER JOHN DOE, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, JOHN DOE NUMBER TWO, JOHN DOE NUMBER THREE and JOHN DOE NUMBER FOUR were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as a police officer, agents and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT and the named Defendant NEW YORK CITY POLICE OFFICERS.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

### STATEMENT OF FACTS

#### First Incident

11. On March 14, 2015 at approximately 5:00 p.m. the Plaintiff was in the vicinity of Cleveland Street and Glenmore Avenue in Brooklyn, New York. The Plaintiff was accompanied by his two year old daughter when named Defendant NEW YORK CITY POLICE OFFICER JOHN DOE approached the Plaintiff and ordered the Plaintiff to stop in front of a day care center. Without reason or cause, Defendant NEW YORK CITY POLICE OFFICER JOHN DOE began to search the Plaintiff, going into the Plaintiff's underwear while in view of the Plaintiff's daughter. The Plaintiff was detained by Defendant Officer DOE for approximately ninety minutes before the Plaintiff was released from custody.

#### Second Incident

–4–

12. On April 10, 2015 at approximately 2:00 p.m. the Plaintiff was in the vicinity of Essex Street in Brooklyn when he was approached by named Defendant NEW YORK CITY POLICE SERGEANT MARTINEZ. Without reason or cause Defendant SERGEANT MARTINEZ searched the Plaintiff, handcuffed and arrested him and held him in custody for approximately ninety minutes before allowing the Plaintiff to leave.

### Third Incident

13. On June 6, 2015 at approximately 6:20 p.m. the Plaintiff was in the vicinity of 336 Elton Street in Brooklyn when he was approached by named Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE. Without reason or cause Defendant OFFICER JOHN DOE NUMBER ONE ordered the Plaintiff to stop. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE then proceeded to search the Plaintiff. Defendant OFFICER JOHN DOE NUMBER ONE then handcuffed the Plaintiff and held him in custody for approximately six hours before being released by Defendant OFFICER JOHN DOE NUMBER ONE.

### Fourth Incident

14. On June 14, 2015 at approximately 1:00 p.m. the Plaintiff was in the vicinity of 336 Elton Street in Brooklyn when he was approached and stopped by named Defendant NEW YORK CITY POLICE OFFICER GRIEG. Without reason or cause Defendant NEW YORK CITY POLICE OFFICER GRIEG searched and handcuffed the Plaintiff. Defendant OFFICER GRIEG proceeded to keep Plaintiff handcuffed at 336 Elton Street for approximately six hours before releasing the Plaintiff and issuing the Plaintiff a summons for Disorderly Conduct, which summons was dismissed by a Criminal Court Judge for facial insufficiency on July 27, 2015.

### Fifth Incident

15. On July 4, 2015 at approximately 9:00 p.m. the Plaintiff was in the vicinity of 386 Essex Street in Brooklyn when he was approached by named Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO. Without reason or cause, Defendant OFFICER DOE NUMBER TWO ordered the Plaintiff to stop, and proceeded to search the Plaintiff. Defendant OFFICER DOE NUMBER TWO proceeded to place the Plaintiff in handcuffs and held the Plaintiff in custody at the location in handcuffs for approximately five hours before releasing the Plaintiff.

### Sixth Incident

16. On August 1, 2015 at approximately 9:30 p.m. the Plaintiff was in the vicinity of 386 Essex Street when he was approached by named Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER THREE. Without reason or cause, Defendant OFFICER DOE NUMBER THREE ordered the Plaintiff to stop, and proceeded to search the Plaintiff. Defendant OFFICER DOE NUMBER THREE, proceeded to place the Plaintiff in handcuffs and held the Plaintiff in custody at the location for approximately three hours before releasing the Plaintiff.

### Seventh Incident

17. On August 10, 2015 at approximately 11:00 a.m. the Plaintiff was with his two year old daughter in the vicinity of Liberty and Essex Streets in Brooklyn when he was approached by named Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER FOUR, who was with two other members of THE NEW YORK CITY POLICE DEPARTMENT.. Without reason or cause, Defendant OFFICER DOE NUMBER FOUR ordered the Plaintiff to stop, and proceeded to partially strip-search the Plaintiff in full view of Plaintiff's two year old daughter. Defendant OFFICER DOE then held Plaintiff in custody for approximately two and a half hours before releasing the Plaintiff.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Unlawful Search and False Arrest**

18. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, on March 14, 2015, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and without lawful reason or cause, searching, detaining and arresting the Plaintiff.

20. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest**

21. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That upon information and belief, on April 10, 2015, the conduct of Defendant NEW

–7–

YORK CITY POLICE SERGEANT MARTINEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and without reason or cause, searching, detaining and arresting the Plaintiff.

23. That the actions of Defendant, NEW YORK CITY POLICE SERGEANT MARTINEZ occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest**

24. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. That upon information and belief, on June 6, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE, acting under color of State Law, violated Section 42 U.S.C 1983 by unlawfully, without reason or cause searching, detaining and arresting the Plaintiff.

26. That the actions of Defendant, NEW YOR CITY POLICE OFFICER JOHN DOE NUMBER ONE occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by 42 U.S.C 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest**

27.   Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28.   That upon information and belief, on June 14, 2015, the conduct of Defendant NEW YORK CITY POLICE OFFICER GRIEG, acting under color of State Law, violated Section 42 U.S.C 1983 by unlawfully without reason or cause searching, detaining and arresting the Plaintiff.

29.   That the actions of Defendant NEW YORK CITY POLICE OFFICER GRIEG occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIFTH FEDERAL CLAIM

**Violation of Rights Secured by 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Unlawful Search and False Arrest**

30.   Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Nine (29) as if fully set forth herein.

31.   That upon information and belief, on July 4, 2015, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO, acting under color of State law, violated Section 42 U.S.C. 1983 by unlawfully without reason or cause searching, detaining and arresting the Plaintiff.

32.  That the actions of Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO, occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SIXTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest**

33.  Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34.  That upon information and belief, on August 1, 2015, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER THREE, acting under color of State Law, did violate Section 42 U.S.C. 1983 by unlawfully, without reason or cause searching, detaining and arresting the Plaintiff.

35.  That upon information and belief, the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER THREE, occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SEVENTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest**

36.   Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37.   That upon information and belief, on August 10, 2015, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER FOUR, acting under color of State Law, did violate Section 42 U.S.C.1983 by unlawfully, without reason or cause searching, detaining and arresting the Plaintiff.

38.   That upon information and belief, the actions of Defendant, NEW YORK CITY POLCIE OFFICER JOHN DOE NUMBER FOUR occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## FIRST STATE LAW CLAIM

39.   Plaintiff incorporates by reference the allegations contained in paragraph One (1) through Thirty Eight (38) as if fully set forth herein.

40.   That on June 14, 2015, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YOR CITY POLICE OFFICER GRIEG, which resulted in the unlawful search, detention and arrest of the Plaintiff and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

41.   Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty (40) as if fully set forth herein.

42.   That on June 14, 2015, the actions of Defendant, CITY OF NEW YORK, by negligently

−11−

hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFCER GRIEG, resulted in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

43. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

That on August 10, 2015, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER FOUR, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

44. Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through forty Three (43) as if fully set forth herein.

45. That on August 10, 2014, the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER FOUR, which resulted in the unlawful search, detention and arrest of the Plaintiff, and resulting in the aforementioned and hereinafter mentioned harm to Plaintiff..

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendant:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant(s) New York City Police Sergeant MARTINEZ, New York City Police Officer GRIEG, and New York City Police Officers JOHN DOE and JOHN DOES NUMBERED ONE through FOUR.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: July 13, 2017

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com