UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                   17-CV-4184 (KAM)(JO)

------------------------------------------------------X
OMAR McFARLAND,
        Plaintiff,
    v.                                                                              **FIRST AMENDED**
THE CITY OF NEW YORK,                                              **COMPLAINT**
NEW YORK CITY POLICE SERGEANT
DAVID GRIECO, Shield # 0380, PSA 2
NEW YORK CITY POLICE SERGEANT
ROBERT MARTINEZ, Shield # 1369,
75th Precinct,
NEW YORK CITY POLICE DETECTIVE
JOSEPH FERNANDEZ, Shield # 1815,
Narcotics Borough Brooklyn North,
        Defendants.
------------------------------------------------------X

## PRELIMINARY STATEMENT

1. T0his is a Civil Rights Action in which Plaintiff, OMAR McFARLAND, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

**PARTIES**

7. The Plaintiff, OMAR McFARLAND, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICERS DAVID GRIECO, Shield Number 03830, ROBERT MARTINEZ, Shield Number 1369, and JOSEPH FERNANDEZ, Shield Number 1815, upon information and belief of PSA-2, the 75th Precinct and Narcotics Borough Brooklyn North respectively, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER GREICO, NEW YORK CITY POLICE OFFICER MARTINEZ and NEW YORK CITY POLICE OFFICER FERNANDEZ are sued individually and in their official capacities. At all times relevant, Defendants NEW YORK CITY POLICE OFFICERS GRIECO, MARTINEZ and FERNANDEZ were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE OFFICERS GRIECO, MARTINEZ and FERNANDEZ, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental

to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

### First Incident

11. On March 14, 2015 at approximately 5:00 p.m. the Plaintiff was in the vicinity of Cleveland Street and Glenmore Avenue in Brooklyn, New York. The Plaintiff was accompanied by his two year old daughter when named Defendant, NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ, Shield Number 1815, approached the Plaintiff and ordered the Plaintiff to stop in front of a daycare center. Without reason or cause, Defendant NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ began searching the Plaintiff, going into the Plaintiff's underwear while in view of the Plaintiff's daughter. The Plaintiff was then seized by Defendant NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ for approximately ninety minutes before the Plaintiff was released from custody.

### Second Incident

12. On June 6, 2015 at approximately 6:20 p.m. the Plaintiff was in the vicinity of 336 Elton Street in Brooklyn when he was approached by named Defendant NEW YORK CITY POLICE OFFICER ROBERT MARTINEZ.  Without reason or cause, Defendant MARTINEZ ordered the Plaintiff to stop.  Defendant MARTINEZ then proceeded to search the Plaintiff and held him in custody for approximately six hours before being released by Defendant NEW YORK CITY POLICE OFFICER MARTINEZ.

### Third Incident

13.  On June 14, 2015 at approximately 1:00 p.m. the Plaintiff was in the vicinity of 336 Elton Street in Brooklyn when he was approached and stopped by named Defendant NEW YORK CITY POLICE OFFICER DAVID GRIECO. Without lawful reason or cause Defendant GRIECO searched and handcuffed the Plaintiff.  Defendant OFFICER GRIECO proceeded to keep Plaintiff handcuffed at 336 Elton Street for approximately six hours before releasing the Plaintiff and issuing the Plaintiff a summons charging the Plaintiff with Disorderly Conduct (New York Penal Law Section 240.20), which summons was docketed under Docket Number 2015SK047992, which was dismissed by a Criminal Court Judge for facial insufficiency on July 27, 2015.

### Fourth Incident

14.  On August 1, 2015 at approximately 9:30 p.m. the Plaintiff was in the vicinity of 386 Essex Street in Brooklyn when he was approached by named Defendant NEW YROK CITY POLICE OFFICER DAVID GRIECO.  Without reason or cause Defendant Officer GRIECO ordered the Plaintiff to stop, and then proceeded to search the Plaintiff.  Defendant Officer GRIECO proceeded to place the Plaintiff in handcuffs and held the Plaintiff in custody at the location for approximately three hours before releasing the Plaintiff.

### Fifth Incident

15.  On August 10, 2015 at approximately 11:00 a.m. the Plaintiff was with his two year old daughter in the vicinity of Liberty and Essex Streets in Brooklyn when he was approached by

named Defendant NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ. Without reason or cause, Defendant Officer FERNANDEZ ordered the Plaintiff to stop, and proceeded to partially strip search the Plaintiff in full view of Plaintiff's two year old daughter. Defendant OFFICER FERNANDEZ then held Plaintiff in custody for approximately two and a half hours before releasing the Plaintiff.

## FIRST FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search and False Arrest

16. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, on March 14, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and without lawful reason or cause, searching, detaining and arresting the Plaintiff.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and The Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest

19. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Upon information and belief, on June 6, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER ROBERT MARTINEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, without lawful reason or cause, searching, detaining and arresting the Plaintiff.

21. That the actions of Defendant NEW YORK CITY POLICE OFFICER ROBERT MARTINEZ, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest

22. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Seventeen (21) as if fully set forth herein.

23. Upon information and belief, on June 14, 2015, the conduct of named Defendant, NEW YORK CITY POLICE OFFICER DAVID GREICO, acting under color of State law, violated Section 42 U.S.C 1983 by unlawfully, without lawful reason of cause, searching, detaining and arresting the Plaintiff.

24. That the actions of Defendants, NEW YORK CITY POLICE OFFICER DAVID GREICO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an employee and agent of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

6

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution**

25. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. Upon information and belief, on June 14, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER DAVID GRIECO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, without lawful reason or cause, filing an accusatory instrument with Kings Criminal Court accusing the Plaintiff of violating New York Penal Law Section 240.20, Disorderly Conduct, which was dismissed by the Court on July 27, 2015.

27. That upon information and belief, the actions of Defendant NEW YORK CITY POLICE OFFICER DAVID GRIECO occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**FIFTH FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Unlawful Search and False Arrest**

28. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. Upon information and belief, on August 10, 2015, the conduct of named Defendant, NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, without reason or cause searching, detaining and arresting the Plaintiff.

30. That upon information and belief, the actions of Defendant, NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an employee and agent of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

31. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That on June 14, 2015the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER DAVID GRIECO, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

33. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That on June 14, 2015, the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER DAVID GRIECO, resulted in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

35. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Four (34) as if fully set forth herein.

36. That on August 10, 2015, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

37. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That on August 10, 2015, the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOSEPH FERNANDEZ, resulting in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE SERGEANTS DAVID GRIECO and ROBERT MARTINEZ and DETECTIVE JOSEPH FERNANDEZ.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: March 2, 2018
New York, NY

**Via ECF**

VICTOR M. BROWN, ESQ.
(VB-5289)
11 Park Place, Suite 1100
New York, NY 10007
(212) 227-7373